# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>CRIMSONBIKES, LLC<br><br>               Involuntary Debtor. | Chapter 7<br><br>Case No. 21-10278 (JEB) |

## RESPONSE OF PETITIONING CREDITORS
## TO PENDING MOTION TO WITHDRAW AS COUNSEL

SmartEtailing, Inc., (the "SmartEtailing") and CVI-TCB Commercial, LLC, ("CVI-TCB")(with SmartEtailing, the "Petitioners"), two of the three petitioning creditors[1] in the above-captioned involuntary chapter 7 case, respectfully submit this Response to the pending *Motion to Withdraw as Counsel* filed by Alex F. Mattera of Pierce Atwood LLP (the "Withdrawal Motion") [Docket No. 11] with the U.S. Bankruptcy Court for the District of Massachusetts ("Bankruptcy Court") on April 20, 2021. In the Withdrawal Motion, Attorney Mattera seeks to withdraw from his short-lived role as counsel to CrimsonBikes, LLC ( the "Debtor") on the basis that he did not discover a "conflict" with another client of his firm until five days after he entered his appearance as Debtor's counsel. Since the Debtor did not engage Attorney Mattera as counsel until two days prior to the answer date of April 15, 2021[2], the filing of the Motion to Withdraw has resulted in an extension of the answer date ("Answer Deadline") to April 26, 2021. While the Petitioners certainly do not oppose the relief sought in the Withdrawal Motion, the Petitioners submit that given the Debtor's

---

[1] Michael Jaeger, the third petitioning creditor, is not represented by counsel, but counsel to SmartEtailing communicates with him regularly. A fourth petitioning creditor has also signed the involuntary petition, but the involuntary petition will only be amended to add this fourth party if it becomes necessary.

[2] Attorney Mattera was out of town when retained and not able to file an answer, and he filed a motion to extend the Answer Deadline to April 19, 2021 with consent of the Petitioners. On April 19, he contacted the Petitioners again to request a further extension leading to the filing of the Second Assented to Motion to Extend on April 19, 2020.

precarious financial situation and the apparent harm the Debtor's business practice has caused consumers over the past nine months, the Petitioners will not consent to any additional extensions of the Answer Deadline barring appointment of an interim trustee to preserve the Debtor's value for the benefit of all creditors during this prolonged "gap" period.  In further support, the Petitioners state as follows:

1. Petitioner, SmartEtailing, is a Minnesota-based company in the business of providing website, marketing, and data solutions to small, "mom and pop" bicycle retailers that desire to design and launch an e-commerce platform to sell their products on-line.

2. The Debtor is a bicycle and bicycle accessories retailer with a brick and mortar store in Cambridge, Massachusetts that hired SmartEtailing in December, 2018 to design its virtual sales platform as well as for related services, pursuant to an End User License Agreement ("Crimson Agreement"). As part of this relationship, SmartEtailing agreed to assist the Debtor in obtaining access to the credit card payment processing services of Stripe, Inc. ("Stripe"), a SmartEtailing business partner, so that the Debtor could accept payments from customers through its website.  At some point in 2020, the Debtor defaulted on its obligations to Stripe when its failure to deliver products to the Debtor's customers led to the initiation of a significant amount of credit-card "chargebacks" by issuing banks (of the customers disputing charges) with Stripe, on account of the Debtor, as well as requests for refunds ("Chargebacks"). The Debtor's processing account with Stripe, though, was not sufficiently funded leading to a negative balance and accrual of debt owed from the Debtor to Stripe, and ultimately, the termination by Stripe of its relationship with the Debtor.

3. Stripe, in turn, recovered the amount of its loss for Chargebacks from SmartEtailing under a separate contract. The Debtor is obligated under the Crimson Agreement to indemnify

SmartEtailing for Chargebacks processed through Stripe and satisfied by SmartEtailing on the Debtor's behalf, as well as for attorneys' fees incurred in the process of collecting that sum. The amount owed by the Debtor to SmartEtailing as of March 16, 2021 was approximately $658,000, exclusive of attorneys' fees and costs. SmartEtailing initiated suit against the Debtor in the U.S. District Court, District of Minnesota, on December 23, 2020, Case No. 20-cv-02650 ("Minnesota Suit"). That litigation is pending, and has been stayed.

4. Petitioner CVI-TCB is the lessee of commercial real estate located at 390 Western Avenue, Boston, Massachusetts ("Property") that was subleased to the Debtor pursuant to a Sublease dated April 1, 2017 ("Lease"). At the time that it entered into the Lease, the Debtor hired Construction Coordinators, Inc. ("CC, Inc.") to design and build out the space for a second retail location. The Debtor failed to make payment to CC, Inc. for services and also failed to procure the required performance bonds to guarantee payment. As a result, CC, Inc., filed a mechanic's lien against the Property, as well as initiated suit in Suffolk Superior Court on July 6, 2018, captioned *Construction Coordinators, Inc. vs. Crimson Bikes LLC [sic], et als*, Case No. 1884CV02090.

5. CVI-TCB was required to make payment to CC, Inc. in the amount of $200,000 in order to obtain a release of the mechanic's lien and also initiated a collection suit in Suffolk Superior Court against the Debtor to collect that amount plus the attorneys' fees expended in resolving the CC, Inc. claim on November 4, 2019, captioned *CVI-TCB Commercial, LLC vs. CrimsonBikes LLC, Defendant, and Citizens Bank, N.A., Trustee Process Defendant,* Case No. 1984CV03440 CVI-TCB. The Debtor did not file an answer in that case, and was defaulted. In February 2020, CVI-TCB filed a Request for a Default Judgment, requesting that default judgment

3

enter in the amount of $201,575 plus $5,322 on attorneys', contractual interest, fees and costs. The Request for Default Judgment is still pending.

6. On January 17, 2020, in its own action, judgment separately entered in favor of CC, Inc. against the Debtor and its principal, Charles T. James, jointly and severally, in the amount of $33,820 plus interest and fees.

7. After conducting a significant amount of diligence and close review of the Superior Court dockets, the Petitioners determined that the Debtor had accumulated an extensive amount of debt even before the start of the pandemic and accrual of Chargebacks, and in addition to that owed to the Petitioners. This debt is evidenced by (but not limited to) three judgments in favor of third-parties and against the Debtor that collectively total over $640,000. When those debts are included with the amounts owed to the Petitioners, it appears as though the Debtor's liabilities could exceed $1.4 million.

8. In addition, the Petitioners determined that the Debtor is obligated to numerous of its former customers for bikes that were "pre-sold" to those individuals but never delivered, and never refunded. Petitioner Michael Jaeger is one of those customers. A review of records obtained from the Office of the Attorney General discloses the filing of over thirty complaints against the Debtor through February, 2021, detailing concerns with the Debtor's unfair business practices and failure to refund amounts owed to customers for products never received even after numerous requests for refunds made over several months. A representative from the AG's office has indicated to the Petitioners' counsel that "[w]hile the AGO does not disclose the existence of ongoing investigations, we can confirm that we have received a recent increase in complaints against

4

CrimsonBikes."[3] Additional complaints were filed by individuals through the Better Business Bureau's website and are available for review on-line.

9. Based on the determination that the Debtor has not been paying its debts as they became due since as early as July, 2018 and the passage of time without any improvement in the Debtor's financial situation yet with a notable decline in good-will, the Petitioners made the decision to initiate this involuntary proceeding on March 3, 2021 ("Petition Date") in order to ensure that Debtor's management could be replaced with a qualified estate fiduciary, and the Debtor's assets (including avoidable pre-filing transfers) properly administered for the benefit of all creditors.

10. Unfortunately, due to uncertainty regarding whether service of the involuntary petition and summons was proper in accordance with Bankruptcy Rule 7004, out of an abundance of caution, the Petitioners requested an alias summons on March 24, 2021 which set the Answer Deadline as April 15, 2021, six weeks after the Petition Date.

11. Even though counsel to the Debtor defending the Minnesota Suit was provided with actual notice of the filing of the involuntary petition in early March, 2021, it was not until April 13, 2021 that the Petitioners were informed that the Debtor had retained counsel in this case. Nonetheless, given the filing of the Motion to Withdraw, it appears as though the entry of an order for relief may be further delayed since a replacement attorney has yet to enter an appearance.

12. The Petitioners submit, therefore, that the Debtor should be required to demonstrate that consumers or other creditors will not be harmed if the Answer Deadline is further extended, or in the alternative, that an interim trustee should be appointed if the "gap period" is prolonged, pursuant to 11 U.S.C. § 303(g).

---

[3] Copies of these records are available upon request.

#83817378_v1

        Respectfully submitted,

        SMARTETAILING, INC.,

        By its counsel,

        HOLLAND & KNIGHT LLP

        /s/ Lynne B. Xerras
        Lynne B. Xerras (Mass Bar #632441)
        lynne.xerras@hklaw.com
        10 St. James Avenue
        Boston, MA 02116
        Telephone: (617) 523-2700
        Facsimile: (617) 523-6850

Joined by:

CVI-TCB COMMERCIAL, LLC

By its counsel,

/s/ Andrew E. Goloboy
Andrew E. Goloboy, Esq.
Dunbar Goloboy LLP
197 Portland Street, 5th Floor
Boston, MA  02114
goloboy@dunbarlaw.com

Dated:  April 23, 2021

6

#83817378_v1

## CERTIFICATE OF SERVICE

I, Lynne B. Xerras, counsel to SmartEtailing, Inc., hereby certify that on the 23rd day of April, 2021, I served a copy of the foregoing Response to Motion to Withdraw on all parties registered for electronic service through the CM/ECF system, in addition to the following parties by first class mail or electronic mail:

Michael Jaeger
111 Strong Road
Southampton, MA  01073 (via electronic mail)

CrimsonBikes, LLC
c/o Charles James
1001 Massachusetts Avenue
Cambridge, MA  02138

CrimsonBikes, LLC
c/o Charles James
12 Commonwealth Avenue, #16
Boston, MA  02135

#83817378_v1