## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>CRIMSONBIKES, LLC,<br><br>Alleged Debtor, | Chapter 11<br>Case No. 21-10278 (JEB) |

**LIMITED OPPOSTION OF MASS. AVE 997 NOMINEE TRUST TO DEBTOR'S EXEPEDITED MOTION FOR AUTHORIZATION OF: (1) USE OF CASH COLLATERAL; (2) GRANTING OF REPLACEMENT LIENS; (3) SCHEDULING A HEARING ON THE FURTHER USE OF CASH COLLATERAL; AND (4) ADDITIONAL RELIEF**

Mass. Ave. 997 Nominee Trust (the "Trust"), by and through undersigned counsel, hereby objects to the above-referenced Debtor's (the "Debtor" or "CrimsonBikes") Expedited Motion for Authorization of: (1) Use of Cash Collateral; (2) Granting of Replacement Liens; (3) Scheduling a Hearing on the Further Use of Cash Collateral; and (4) Additional Relief (the "Motion"). [Dkt # 55]. The Trust is landlord to CrimsonBikes pursuant to that certain Lease (as defined below) for the Debtor's retail space located in Cambridge, Massachusetts. As set forth more-fully below, to the extent the Motion purports to memorialize any agreement between the Trust and the Debtor regarding post-petition occupancy and rent, or purports to represent the Trust's acquiescence to receive anything other than the full rent due under the Lease as an administrative expense post-petition, the Trust objects to the requested relief. By way of further opposition, the Trust Respectfully states as follows:

### BACKGROUND

1. The Trust is owner of certain real property located at 997-1013 Massachusetts Avenue, Cambridge, MA, 02138 (the "Premises").

2.  CrimsonBikes is a tenant at the Premises pursuant to a certain lease executed between Cycling Sports Group, Inc. and the Trust executed on July 15, 2013, first as a subtenant to Cycling Sports Group, Inc. commencing on August 25, 2017 and then as a direct tenant to the Trust, commencing on August 1, 2018.

3.  On August 25, 2017, CrimsonBikes entered into a lease (the "Original Sublease") with Cycling Sports Group, Inc. CrimsonBikes became a sublessee and then a direct tenant to the Trust on a tenancy-at-will basis, commencing on August 1, 2018. CrimsonBikes then defaulted under the tenancy-at-will agreement.

4.  In 2019, the Trust pursued a summary process action in which judgment for possession and monetary damages in the amount of $134,824.51 plus legal fees and a per diem occupancy rate (the "Judgment") was entered on June 6, 2019 and executions (the "Executions") issued against CrimsonBikes. Copies of the Judgment and Executions are attached here as **Exhibit A**.

5.  Subsequently, the Trust, CrimsonBikes, Charles James, and Daisy Chui entered into an Agreement for Temporary Occupancy (the "Temporary Occupancy Agreement") by which Charles James and Daisy Chiu agreed to personally guarantee the Judgment in the amount of $147,521.89 and a *per diem* occupancy rate was established until the parties executed a new Master Lease. A copy of the Temporary Occupancy Agreement is attached here as **Exhibit B**.

6.  A new master lease (the "Lease") was then executed effective August 1, 2018 with CrimsonBikes, LLC, Charles James, and Daisy Chui as tenants (collectively, the "Tenants") for a term of five (5) years. A copy of the Lease is attached here as **Exhibit C**.

7. The Lease permitted the Tenants to rent a portion of the Premises consisting of 5,203 square feet on the first floor of the Premises, 2,369 square feet on the second level of the Premises, and certain space in the basement at the Premises.

8. The Tenants failed to cure their defaults under the Lease or satisfy the Judgment.

9. In addition to the Judgment, the Tenants have outstanding prepetition obligations under the Lease of more than $480,000. There is no colorable basis on which CrimsonBikes can dispute its obligations under the Lease or with respect to the Judgment.

## OPPOSITION

10. By the Motion, the Debtor seeks authority to use cash collateral on an interim basis and offers to make certain adequate protection payments to the Debtor's secured creditors.

11. The Debtor makes a representation that it is "negotiating for an occupancy arrangement" with the Trust. See Motion, at ¶ 18. This is a complete misrepresentation.

12. While counsel to the Debtor and counsel to the Trust have had communications about the proposed treatment of the Lease and the Trust's right to an administrative expense claim in the post-petition period, there have been no negotiations of any kind with respect to the Lease. The Trust further represents here that it has no interest in accepting anything other than the full rent owed under the Lease as it had been harmed by CrimsonBikes's false promises to pay, false misrepresentations about its sales, and unlawful collection of monies from a subtenant that was never approved and is in direct violation of the terms of the Lease.

13. Further, in Exhibit A to the Motion, the Debtor purports to offer the Trust $3,125.00 per week in rent or "occupancy" for at least the first two weeks for which the Debtor has provided some form of budget in support of the Motion. Again, the Trust has made no such

agreement with the Debtor and has no intention at this time to accept anything other than the full rent owed under the Lease.

14. The Trust notes that the Lease has more than two years remaining under its initial term. The Trust further notes that the Debtor already owes the Trust in excess of $600,000 in unpaid prepetition rent and satisfaction of the Judgement against the Debtor and its principals for prior defaults under the Lease and Original Lease.

15. The Trust notes further that the Debtor has only paid $10,000 under the Lease since the petition date in this case. Under the Lease, the Base Monthly Rent is $25,000.00 per month, and will increase to $26,000.00 per month on August 1, 2021. Moreover, the Debtor is obligated under the Lease for late fees and interest accruing on the unpaid Lease obligations.

16. In addition, CrimsonBikes is obligated to pay Percentage Rent of 7% of all Gross Sales above $2,500,000 during each lease year plus 19.8% of all Taxes and Operating Expenses. Based on credit card sales alone per SmartEtailing, Inc., another creditor through which some portion of credit card sales were conducted in 2020, CrimsonBikes had annual sales of $6 million or more, thereby making the Percentage Rent due for the past lease year on the order of an additional $250,000 (calculated as 7% of $3,500,000+, the amount by which sales exceeded the threshold amount of $2,500,000). Crimson Bikes has never provided any financial statements to the Trust so it is highly likely that it also owes Percentage Rent for its earlier lease years as well. The Debtor owes no less than three months' rent from the post-petition date of March 2, 2021. Any proposed offer of $3,125 per week is unacceptable to the Trust.

17. Therefore, to the extent the Court's determination is affected in any way by the belief that the Debtor's proposed budget and treatment of its obligations under the Lease as set

forth in the Motion are acceptable to the Trust, the Trust objects to the relief sought in the Motion.

18. The Trust hereby expressly reserves all of its rights under the Lease and with respect to the Judgment, including without limitation: the right to seek administrative expense payments due under the Lease as required under the Bankruptcy Code; the right to seek an order from the Court regarding the Debtor's assumption or rejection of the Lease; the right to pursue all amounts due under the Lease through the Court; and the right to pursue all rights, claims, interests and causes of action against the non-debtor Tenants under the Lease as set forth in the Lease and at law.

WHEREFORE, the Trust objects to the Motion and respectfully requests that the Court deny the Motion and grant the Trust such other and further relief as the Court deems just and proper.

Dated: June 10, 2021

997 MASS AVE REALTY TRUST,
By its attorneys,

/s/ Lee Harrington
Lee Harrington (BBO #643932)
ASCENDANT LAW GROUP LLC
204 Andover Street, Suite 401
Andover, MA  01810
(978) 409-2038
lh@ascendantlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2021 a true and correct copy of the foregoing *Limited Opposition to the Use of Cash Collateral* was served through the ECF system on those persons registered to receive notice thereunder.

/s/  Lee Harrington
Lee Harrington